UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 7, 2013

LETTER TO COUNSEL:

RE: *Dustin Bosley v. Commissioner, Social Security Administration*;
Civil No. SAG-12-0694

Dear Counsel:

On March 5, 2012, the Plaintiff, Dustin Bosley, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 18, 19. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Bosley filed his claim on April 2, 2009, alleging disability beginning on July 10, 2007. (Tr. 125-34). His claim was denied initially on August 27, 2009, and on reconsideration on April 29, 2010. (Tr. 64-71, 74-77). A hearing was held on September 9, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 28-59). Following the hearing, on October 20, 2010, the ALJ determined that Mr. Bosley was not disabled during the relevant time frame. (Tr. 9-27). The Appeals Council denied Mr. Bosley's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Bosley suffered from the severe impairments of degenerative disc disease of the lumbar spine, left arm compartment syndrome, and depression. (Tr. 14). Despite these impairments, the ALJ determined that Mr. Bosley retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can perform simple unskilled jobs where he has little interaction with his coworkers, supervisors, and the public due to his mild/moderate ability in social functioning and his ability to maintain persistence concentration and pace secondary to pain and depression. The claimant can lift 10 pounds frequently and 20 pounds occasionally with his right arm, but with no help from his left arm. The claimant can perform work activities where he can alternate between standing

*Dustin Bosley v. Commissioner, Social Security Administration*
Civil No. SAG-12-0694
January 7, 2013
Page 2

>    for 1 hour and sitting 20-30 minutes, consistently in an 8-hour workday, but he must avoid overhead reaching, heights, hazardous machinery, temperature and humidity extremes, ropes, ladders, and scaffolds.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bosley could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 21-22).

Mr. Bosley presents five arguments on appeal: (1) that his obesity and right knee impairments should have been considered severe, and that the ALJ minimized his mental impairments; (2) that he cannot do light work due to the subsequent loss of use of his left arm; (3) that the ALJ erred in giving greater weight to Dr. Hutchinson's opinion than Dr. Peck's opinion; (4) that the ALJ impermissibly prognosticated that Mr. Bosley's back would improve; and (5) that the VE's testimony is deficient. Each argument lacks merit.

First, Mr. Bosley submits that the ALJ erred by failing to categorize his obesity and right knee impairments as severe, and by impermissibly minimizing his mental impairments. Pursuant to Social Security Ruling ("SSR") 02-1p, obesity is a severe impairment "when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." While Mr. Bosley correctly notes that his BMI of 40 places him at the highest level of obesity, "[t]here is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment." SSR 02-1p. Rather, the impact of obesity is on an individual's functioning assessed on a case-by-case basis. *Id.* Mr. Bosley argues that the ALJ overlooked the surgical notes of his lumbar spine surgery, which indicate difficulties in surgery due to his obesity. Pl. Mot. 8-9. These notes, however, only indicate that surgeons had more difficulty than normal when completing spinal surgery due to Mr. Bosley's obesity; they do not suggest that Mr. Bosley's obesity impacted his functioning in any way. Mr. Bosley has not directed this Court to, nor does this Court find, any additional indication that his obesity severely impacted his functioning. As a result, the ALJ did not err when determining that Mr. Bosley's obesity was non-severe. *See Brown v. Astrue*, Civil No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) (denying remand where claimant failed to identify evidence suggesting that his obesity caused greater limitations than the ALJ assigned).

Mr. Bosley also argues that the ALJ erred in finding that his right knee impairment was non-severe. Pl. Mot. 9. Mr. Bosley contends that two physicians' reports contradict this finding. *Id.* However, the physician reports cited by Mr. Bosley merely repeat Mr. Bosley's own statements about his knee; they do not reflect medical findings. Dr. Barrish's report states that Mr. Bosley has "[r]ight knee pain with *presumed ACL tear*." (Tr. 438) (emphasis added). Dr. Totoonchie's report notes that "[Mr. Bosley] reports an ACL tear," and relies on Dr. Barrish's report for this information. (Tr. 445). An individual's statements about his pain or other symptoms cannot alone establish disability; "there must be medical signs and laboratory findings" to prove disability. *See* 20 C.F.R. § 404.1529(a); SSR 96-3p. The ALJ did not err in finding that Mr. Bosley's right knee impairment is non-severe.

Mr. Bosley's argument that the ALJ minimized his mental impairment also fails. The ALJ found that Mr. Bosley's depression is a severe impairment. (Tr. 14). Mr. Bosley contends that the ALJ should have aligned his opinion with that of Dr. Peck, who diagnosed Mr. Bosley with bipolar disorder, post-traumatic stress disorder, panic and anxiety disorder, and explosive personality disorder. Pl. Mot. 9. As discussed in greater detail below, the ALJ properly afforded Dr. Peck's opinion little weight. In addition, although the ALJ did not label Mr. Bosley's affective, anxiety, or personality disorders as "severe," the ALJ's analysis continued to Steps Three and Four, the ALJ thoroughly analyzed all of Mr. Bosley's mental impairments and symptoms in his RFC analysis, and the ALJ included considerable limitations in Mr. Bosley's RFC related to mental functioning. (Tr. 16-17, 18, 19-20). Because Mr. Bosley was not prejudiced by the ALJ's mental impairment findings at Step Two, a remand on this issue is not warranted. *See Ellis v. Astrue*, Civil Action No. TMD 10-1020M, 2011 WL 5877215, at *2 (D. Md. Nov. 22, 2011).

Mr. Bosley next argues that the ALJ's RFC determination is erroneous. Specifically, Mr. Bosley argues that the ALJ failed to consider Mr. Bosley's inability to use his left arm when determining that he could lift 10 pounds frequently and 20 pounds occasionally. Pl. Mot. 9-10. However, the ALJ noted in the RFC that Mr. Bosley could only lift with his right arm, with no help from his left arm. (Tr. 17). Additionally, Mr. Bosley himself stated that he could lift "close to" thirty pounds with his right arm alone at his hearing. (Tr. 48). The ALJ may properly base an RFC determination on an individual's testimony or subjective complaints. *See* 20 C.F.R. § 404.1545(a)(1); *Kozel v. Astrue*, Civil No. JKS-10-2180, 2012 WL 2951554, at *5 (D. Md. July 18, 2012). As a result, the ALJ did not err in determining that Mr. Bosley could lift 10 pounds frequently and 20 pounds occasionally.

Mr. Bosley's argument that the ALJ erred in crediting Dr. Hutchinson's opinions over Dr. Peck's opinions is similarly deficient. Medical opinions are not entitled to controlling weight if they are unsupported or inconsistent with other substantial evidence. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Here, the ALJ accorded Dr. Peck's opinions "slight" evidentiary weight because they are inconsistent with the record. (Tr. 19-20). For example, Dr. Peck opined that Mr. Bosley scored at 25 on the Global Assessment of Functioning Scale, indicating that Mr. Bosley either has serious impairments in communication or judgment or is unable to function in all areas. (Tr. 19, 544). However, the ALJ cited evidence that Mr. Bosley did not participate in ongoing mental health treatment, exhibited good insight and judgment, functioned at a modified level of independence in his daily living, and cared for a small child. (Tr. 20). Mr. Bosley also argues that Dr. Hutchinson's opinions should be accorded no weight because Dr. Hutchinson fabricated the date of his report to conceal his tardiness, and lied about contacting Mr. Bosley on August 13, 2009.[1] *See* Pl. Mot. 11-12. This argument is without merit. As Dr. Hutchinson's

---

[1] Mr. Bosley also argues that Dr. Hutchinson evaluated him after he lost the use of his left arm, and was therefore should have considered the effects of Mr. Bosley's arm loss on his already existing panic disorder. Pl. Mot. 11. However, Dr. Hutchinson did not diagnose Mr. Bosley with panic disorder. Dr. Hutchinson's report notes that Mr. Bosley was slightly tearful when discussing his medical condition and

report indicates, he examined Mr. Bosley on July 8, 2009, dictated his report on July 13, 2009, and the date of transcription was August 12 or August 13, 2009. (Tr. 451-59). Accordingly, the ALJ did not err in his assignments of weight to Dr. Peck's and Dr. Hutchinson's medical opinions.

Mr. Bosley next argues that the ALJ "impermissibly prognosticated" that his back would improve after surgery. Pl. Mot. 13. The ALJ noted that Mr. Bosley had surgery three months prior, "suggest[ing] he has yet to experience the full benefit of his surgery as he is still in recovery." (Tr. 20). Even if this statement is considered "prognostication," the ALJ's analysis of Mr. Bosley's back impairment is both sufficient and consistent with the record as a whole. The ALJ found that Mr. Bosley's back impairment is severe. (Tr. 14). The ALJ noted that Mr. Bosley had surgery for his back, indicating that Mr. Bosley's symptoms were genuine, and that Mr. Bosley's surgery was generally successful. (Tr. 20). Although Mr. Bosley claimed that his back pain worsened after his surgery, the ALJ noted that Mr. Bosley testified that he is able to lift thirty pounds with his right arm, stand for three hours, and sit for 20-30 minutes before he has to stand up. (Tr. 18). The ALJ included limitations in lifting, standing, sitting, and reaching in Mr. Bosley's RFC. (Tr. 17). Mr. Bosley does not argue that the ALJ failed to consider any functional limitations resulting from his back impairment. The ALJ's mention of Mr. Bosley's potential further recovery from back surgery, therefore, does not provide a sufficient basis for remand.

Last, Mr. Bosley alleges that the VE failed to prove that Mr. Bosley can perform jobs that exist in significant numbers in the national economy. Mr. Bosley first argues that he cannot perform the security jobs identified by the VE because of his criminal record. Pl. Mot. 13. The ALJ, however, need not consider whether Mr. Bosley's criminal record would preclude him from certain types of employment. *See Hunter v. Astrue*, 254 Fed. Appx. 604, 606-07 (9th Cir. 2007). Rather, the ALJ must only consider whether Mr. Bosley's physical or mental impairments are severe enough to preclude him from engaging in substantial gainful work, regardless of whether he would be hired if he applied for work. *Id.*; 42 U.S.C. § 423(d)(2). Mr. Bosley next argues that he cannot perform the job of inspector "with one arm when everyone else was using two." Pl. Mot. 13-14. However, the VE knew that Mr. Bosley could only use one arm, and testified there were one-handed inspector jobs. (Tr. 57). Finally, Mr. Bosley argues that the VE failed to offer DOT numbers pursuant to SSR 00-4p. Pl. Mot. 14. Neither the VE nor the ALJ is required to provide DOT numbers. *Knox v. Astrue*, Civil Action No. TMD 10-1125, 2011 WL 5513206, at *4 (D. Md. Nov. 10, 2011) (citing *Rollins v. Astrue*, C.A. No. 8:08-2663-HMH-BHH, 2009 WL 5195287, at *15 (D.S.C. Dec. 22, 2009)); *see* SSR 00-4p. As a result, the ALJ did not err by relying on the VE's testimony.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF No. 18,

---

limitations, and was moderately depressed, but was otherwise functioning normally. (Tr. 452-53). Moreover, the ALJ noted that Mr. Bosley is not participating in ongoing mental health treatment even after losing the use of his arm. The ALJ also included strict limitations on Mr. Bosley's RFC due to his difficulty interacting with others. (Tr. 20).

*Dustin Bosley v. Commissioner, Social Security Administration*
Civil No. SAG-12-0694
January 7, 2013
Page 5

will be DENIED and the Commissioner's motion for summary judgment, ECF No. 19, will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge